UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John L. Brower, #21650-057, | ) C/A No.  2:13-3428-TLW-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Kenny Atkinson, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

The petitioner, John L. Brower ("Petitioner"), is a federal inmate at the Federal Correctional Institution in Edgefield, South Carolina.  Petitioner, proceeding *pro se*, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed upon him in the Middle District of North Carolina.  This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c)(DSC) for initial screening.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition filed in this case pursuant to the Rules Governing Section 2254 Cases in the United States District Courts[1]; the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of*

---

[1]  The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

*Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## Background

Petitioner is no stranger to motion filing.[2] On April 9, 2002, Petitioner was found guilty of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(a) and, on June 21, 2002, he received a life sentence. *United States v. Brower*, No. 1:02cr21-JAB (M.D.N.C.). Petitioner's direct appeal to the Fourth Circuit Court of Appeals was denied. *United States v. Brower*, 336 F.3d 274 (4th Cir.), *cert. denied*, 540 U.S. 936 (2003).

---

[2] A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

The following year, Petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; his appeal of its dismissal was also denied. *United States v. Brower*, 157 F. App'x 610 (4th Cir. 2005). The sentencing court construed Petitioner's 2006 Rule 60(b) motion as a successive § 2255, and dismissed it due to his failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d). *Brower v. United States*, No. 1:06cv244 (M.D.N.C.).

On November 30, 2011, the Fourth Circuit Court of Appeals denied Petitioner's request for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. Undeterred, Petitioner filed another § 2255 motion on June 25, 2012, *see Brower v. United States*, No. 1:12cv638-JAB-JEP (M.D.N.C.); *Brower v. United States*, No. 1:02cr21-JAB-1 (M.D.N.C.); it appears that motion is still pending in the Middle District of North Carolina.[3]

## Discussion

Petitioner now files the instant habeas petition pursuant to 28 U.S.C. § 2241, seeking relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). Petitioner argues that, like the petitioner in *Simmons*, both of the predicate offenses underlying his life sentence were violations of North Carolina General Statutes Section 90-95.[4]

---

[3] In No. 1:12cv638-JAB-JEP, Petitioner argues one of his prior convictions cannot be used to enhance his current sentence, relying on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

[4] In *Simmons*, the Fourth Circuit held that, when assessing whether a defendant's prior North Carolina state conviction constitutes a predicate offense for federal sentencing

The threshold question in this case is whether Petitioner's claim is properly raised in this Court through a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255, on the other hand, is the primary means by which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Provenzale v. United States*, 388 F. App'x 285, 286 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255.").

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). It is well-settled in this circuit that the possibility that a second § 2255 petition filed by a prisoner might be found untimely or successive does not render the § 2255 remedy

_____

purposes, courts must look only to the state's statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. 649 F.3d at 249–50.

4

inadequate or ineffective.  *See In re Jones*, 226 F.3d at 333; *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*).

In the instant case, it is clear that Petitioner's claims concern the underlying validity, and *not* the execution, of his sentence.[5]  Thus, in the absence of operation of the § 2255 savings clause, this claim is not properly made in a § 2241 petition.  To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner must meet the specific requirements set forth in *In re Jones*.  In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."  226 F.3d at 333–34.

Petitioner cannot claim that he satisfies the Fourth Circuit's *In re Jones* test or show any other exceptional reason to justify his resort to § 2241 to raise an alleged sentencing-error issue.  Petitioner's allegations do not satisfy the second element of the *Jones* test, because the law change that Petitioner cites in *Simmons* and *Miller* did not change the substantive law such that the conduct of which Petitioner was convicted is deemed not to be criminal.  The Fourth Circuit has recognized that "actual innocence

---

[5]  This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, the district court is authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction."  *See Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334–35 (E.D.N.C .1992); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908).

applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."[6]  *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir.), *cert. denied*, 131 S. Ct. 620 (2010); *see also United States v. Poole*, 531 F.3d 263, 267 & n.7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor.").

Moreover, Petitioner has failed to establish that this Court has jurisdiction to hear his claims.  Section 2255, coupled with 28 U.S.C. § 2244, provides a mechanism under which a prisoner who has previously filed an unsuccessful § 2255 motion may, under specific circumstances, later obtain permission to file a successive § 2255 from the Court of Appeals for the circuit in which the sentencing court sits.[7]  *See In Re Vial*, 115 F.3d at 1194–98 (a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or § 2255 when he raises points based on recent cases allegedly effecting a change of law).  There is no indication that Petitioner

---

[6]  The Fourth Circuit additionally recognized that "actual innocence" applies in the context of eligibility for application of not only a career offender, but also other habitual offender provision.  *United States v. Pettiford*, 612 F.3d 270, 283 n.11 (4th Cir.), *cert. denied*, 131 S. Ct. 620 (2010).

[7]  The petition for certification must contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

has successfully sought permission from the Fourth Circuit to file another § 2255 motion. In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *See Rice*, 617 F.3d at 806–08; *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return.  It is also recommended that the District Court deny a Certificate of Appealability.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.


February 4, 2014                                          s/Bruce Howe Hendricks
Charleston, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).